OPINION
{¶ 1} Defendant-Appellant, David E. Pfeifer, appeals a judgment of the Crawford County Common Pleas Court convicting him of trafficking in marijuana in the vicinity of a juvenile, trafficking in cocaine, and engaging in a pattern of corrupt activity. Pfeifer maintains that his convictions were in error, because the evidence was insufficient to prove that he was actually engaged in an enterprise, that he sold drugs in the vicinity of juveniles, and that he sold drugs in the vicinity of a school. Based on our review of the entire record, we cannot find that the trial court erred in finding the defendant guilty. Accordingly, we affirm the decision of the trial court.
 {¶ 2} In January of 2002, an undercover police officer approached Pfeifer under the pretext of purchasing marijuana. Pfeifer sold the undercover officer marijuana, and either sold or offered to sell marijuana to the undercover officer on two other separate occasions. The undercover officer testified that there was a juvenile within 100 feet of each of the three transactions involving marijuana. Pfeifer also twice sold cocaine to the undercover officer, once in April 2002 and once in May 2002. The undercover officer testified that the April 2002 transaction was within 1000 feet of a school.
 {¶ 3} Pfeifer was convicted by a jury on three counts of trafficking in marijuana in the vicinity of a juvenile in violation of R.C. 2925.03(C)(3)(b), two counts of trafficking in cocaine in violation of R.C. 2925.03(C)(4), and one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32. The jury returned a verdict of not guilty on the enhancement charge that the cocaine sale in April of 2002 was within 1000 feet of a school.
 {¶ 4} Pfeifer was sentenced to twelve months of incarceration on each violation of trafficking in marijuana, ten months of incarceration on the first count of trafficking in cocaine, twelve months of incarceration on the second count of trafficking in cocaine, and six years of incarceration on the count of engaging in a pattern of corrupt activity. The trial court ordered Pfeifer to serve all of his sentences concurrently. From this judgment Pfeifer appeals presenting the following assignments of error for our review.
 Assignment of Error I The trial court erred in convicting this defendant of the count ofengaging in corrupt activity, as there was no evidence that the defendantparticipated with another in an "Enterprise".
 Assignment of Error II The trial court erred in permitting the defendant to be convicted ofthe enhancement or specification that a juvenile was present at the timeof the sale of drugs.
 {¶ 5} In the first and second assignments of error, Pfeifer claims that his conviction was not supported by sufficient evidence. In the first assignment of error, he maintains that there was insufficient evidence to prove he was involved in an enterprise. In his second assignment of error, Pfeifer asserts that the evidence was insufficient to prove he had sold marijuana in the vicinity of juveniles. Because both of these assignments of error deal with the sufficiency of the evidence we will consider them together.
 {¶ 6} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[1]
 {¶ 7} In the first assignment of error, Pfeifer claims that the evidence was insufficient to prove he was involved in an enterprise. R.C. 2923.32(A)(1) prohibits the conducting of, "the affairs of [an] enterprise through a pattern of corrupt activity." An enterprise is defined by R.C. 2923.31 as, "any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity." In interpreting this statute, this court has ruled that while an individual can be associated as part of an enterprise, an individual acting alone cannot constitute an enterprise.[2]
 {¶ 8} In the case herein, Pfeifer maintains that he grew all of the marijuana he sold to the undercover officer himself. He suggests that the evidence only shows that he acted alone and is insufficient to support a finding that he was part of an enterprise. We agree with Pfeifer's proposition, and, if this was all that the evidence had shown, then a conviction under R.C. 2923.32(A)(1) would have been improper. However, Pfeifer testified at trial that he had traded some of his marijuana to another person in order to obtain the cocaine he sold to the undercover officer. Further, the undercover officer testified that Pfeifer told him that he occasionally got commercial grade marijuana from Mexico, and that Pfeifer's drug dealing business was going so well that he had eight or nine paychecks that he had never cashed.
 {¶ 9} Viewing this evidence in a light most favorable to the prosecution, we find that there was sufficient evidence from which the jury could have inferred that Pfeifer was involved in an enterprise. Therefore, we overrule the first assignment of error.
 {¶ 10} In his second assignment of error, Pfeifer argues that the evidence was insufficient to prove that he sold marijuana to an undercover officer in the vicinity of juveniles. R.C. 2925.03(C)(3)(b) provides that it is a fourth degree felony to sell or offer to sell marijuana in the vicinity of a juvenile. In the vicinity of a juvenile is defined as a transaction which occurs within 100 feet of a juvenile or within a juvenile's view.[3]
 {¶ 11} Pfeifer claims that there is not sufficient evidence to establish that the marijuana sales were made within 100 feet of a juvenile. However, the undercover officer testified that Pfeifer's own children were within 100 feet of each transaction. In each instance, the undercover officer testified to either seeing or hearing these children at the time and place of the drug transaction. Pfeifer's argument seems to rest on the credibility of the undercover officer's testimony. The undercover officer was subject to cross examination, and the jurors were free to discount his testimony if they saw fit. However, the jurors were also free to believe his testimony and find that there were juveniles within 100 feet of all three marijuana transactions.
 {¶ 12} Having reviewed the record in a light most favorable to the prosecution, we find that it was not error for the jury to find that the marijuana transactions occurred within 100 feet of a juvenile. Therefore, we overrule Pfeifer's second assignment of error.
 Assignment of Error III The trial court erred in permitting the finding that the defendant waswithin 1000 feet of a school at the time of the sale of the drugs.
 {¶ 13} In the third assignment of error, Pfeifer claims that the trial court erred in allowing the jury to make the finding that Pfeifer's sale of cocaine in April 2002 had been within 1000 feet of a school. Essentially, Pfeifer is arguing that the evidence presented by the state is insufficient to prove that there was a school actually within 1000 feet of the sale of cocaine.
 {¶ 14} A review of the jury's verdict shows that it specifically found that the April 2002 sale of cocaine was not within 1000 feet of a school. Accordingly, this assignment of error is moot and must be overruled.
 {¶ 15} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw and Cupp, JJ., concur.
[1] State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds in State v. Smith (1997), 80 Ohio St.3d 89.
[2] State v. Agner (1999), 135 Ohio App.3d 286, 291.
[3] R.C. 2925.01(BB).